UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

Julio Blanco
and other similarly situated
individuals,

    Plaintiff(s),

v.

Air Flow Designs, Inc.
a/k/a  Air Flow Designs Heating
& Air conditioning of Orlando,
and Jesse H. Burd, individually

    Defendants,
_____/

**COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Julio Blanco and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants Air Flow Designs, Inc., a/k/a  Air Flow Designs Heating & Air Conditioning of Orlando, and Jesse H. Burd, individually, and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover money damages for unpaid overtime wages and retaliation under the United States laws. This Court has jurisdiction

pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Julio Blanco is a resident of Volusia County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Air Flow Designs, Inc., a/k/a Air Flow Designs Heating & Air Conditioning of Orlando (from now on, Air Flow Designs, or Defendant) is a Florida corporation registered to do business in Florida. Defendant has a place of business in Casselberry, Seminole County, within this Honorable Court's Jurisdiction. At all times material, Defendant was and is engaged in interstate commerce.

4. The individual Defendant Jesse H. Burd was and is now the owner/partner and operator of Air Flow Designs. This individual Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this Complaint occurred in Seminole County, Florida, within this Court's jurisdiction.

## General Allegations

6. This cause of action is brought by Plaintiff Julio Blanco as a collective action to recover from Defendants overtime compensation, retaliatory damages,

liquidated damages, costs, and reasonable attorneys fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT"). Plaintiff brings this action on behalf of himself, and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after October 2021, (the "material time") without being adequately compensated.

7. Defendant Air Flow Designs provides commercial and residential heat and air conditioning installations, maintenance, and repair services.

8. The Employer Air Flow Designs was engaged in interstate commerce within the meaning of the Fair Labor Standards Act, as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant provides heating and air conditioning installation, repair, and maintenance services. The Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do business, and transmits funds outside the State of Florida. Upon information and belief, the annual gross revenue of the Employer/Defendant is more than $500,000 per annum. Therefore, there is enterprise coverage.

9. Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff was a heating and air conditioning technician. Through his daily activities, Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce by installing, handling, and working on goods and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

10. Defendants Air Flow Designs and Jesse H. Burd employed Plaintiff Julio Blanco as a non-exempted, full-time employee from approximately October 20, 2021, to March 29, 2022, or 23 weeks.

11. Plaintiff had duties as a heating and a/c technician. Plaintiff's wage rate was $13.00 an hour. Plaintiff's overtime rate should be $19.50 an hour.

12. During his employment with Defendants, Plaintiff worked five days weekly from Monday to Friday, from 7:00 AM to 4:00 (9 hours daily). Plaintiff worked a minimum average of 45 hours weekly. Plaintiff did not take bonafide lunchtime.

13. To perform his work, Plaintiff drove a company van that he took home every day. The next morning Plaintiff arrived at the business, where he picked up his work orders and loaded the van with equipment and supplies.

14. Plaintiff was paid for 40 regular hours, but he was not compensated for overtime hours, as required by law.

15. Plaintiff did not clock in and out, but on Mondays, Plaintiff would turn in a timesheet showing only 40 regular hours. Defendants instructed Plaintiff and other similarly situated individuals to report only 40 working hours.

16. Moreover, Defendants placed a sign at the warehouse warning employees that they should report 8 hours per day, per 5 days. Defendants would not pay for overtime hours. Defendants were in complete control of Plaintiff's schedule and could track the number of hours worked by Plaintiff and other similarly situated individuals.

17. Therefore, Defendants willfully and intentionally failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

18. Plaintiff was paid with checks and paystubs that did not show the real number of hours worked.

19. Plaintiff disagreed with the lack of payment for overtime hours, and he complained a few times about unpaid overtime to his supervisors.

20. On or about Friday, March 25, 2022, Plaintiff complained about unpaid overtime wages to his supervisors, Timmy (LNU) and Brand (LNU). The supervisors answered that they had to inform the management.

21. On or about Tuesday, March 29, 2022, Defendants fired Plaintiff. Supervisor Brand informed Plaintiff that he was fired for driving to a bank instead of straight to his house after work. Plaintiff knew that this was a pretextual reason. The real reason for his termination was a retaliatory employment action due to his complaints about the lack of overtime pay.

22. Plaintiff Julio Blanco seeks to recover unpaid overtime wages for every hour worked over 40 during his entire employment, retaliatory damages, liquidated damages, and any other relief as allowable by law

## Collective Action Allegations

23. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

24. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every overtime hour worked at the rate of time and one-half their regular rate.

25. This action is intended to include every heating and air conditioning technician, warehouse employee, and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

**COUNT I:
WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS**

26. Plaintiff Julio Blanco re-adopts every factual allegation stated in paragraphs 1-25 above as if set out in full herein.

27. This action is brought by Plaintiff Julio Blanco and those similarly situated to recover from the Employer unpaid overtime compensation, as well as an additional amount of liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate, not less than one and a half times the regular rate at which he is employed."

28. Defendants Air Flow Designs and Jesse H. Burd employed Plaintiff Julio Blanco as a non-exempted, full-time employee from approximately October 20, 2021, to March 29, 2022, or 23 weeks.

29. Plaintiff had duties as a heating and a/c technician. Plaintiff's wage rate was $13.00 an hour. Plaintiff's overtime rate should be $19.50 an hour.

30. During his employment with Defendants, Plaintiff worked five days weekly from Monday to Friday, from 7:00 AM to 4:00 (9 hours daily). Plaintiff worked a minimum average of 45 hours weekly. Plaintiff did not take bonafide lunchtime.

31. Plaintiff was paid for 40 regular hours, but he was not compensated for overtime hours, as required by law.

32. Plaintiff did not clock in and out, but on Mondays, Plaintiff would turn in a timesheet showing only 40 regular hours. Defendants required Plaintiff and other similarly situated individuals to report only 40 working hours.

33. Moreover, Defendants placed a sign at the warehouse warning employees that Defendants would not pay for overtime hours. Defendants were in complete control of Plaintiff's schedule and could track the number of hours worked by Plaintiff and other similarly situated individuals.

34. Therefore, Defendants willfully and intentionally failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

35. Plaintiff was paid with checks and paystubs that did not show the actual number of hours worked.

36. Plaintiff disagreed with his working conditions, and he complained multiple times. On or about March 29, 2022, Defendants fired Plaintiff.

37. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of Defendants. However,

Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

38. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

39. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 USC § 516.4.

40. Plaintiff is not in possession of time and payment records, but he will provide a reasonable good faith estimate based on his recollections and to the best of his knowledge. After discovery, Plaintiff will amend his statement of claim.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

    Two Thousand Two Hundred Forty-Two Dollars and 50/100 ($2,242.50)

    b. <u>Calculation of such wages</u>:

    Total period of employment:  23 weeks
    Relevant weeks of employment:  23 weeks
    Total number of days worked: 5 days weekly
    Total hours worked: 45 hours weekly
    Total unpaid O/T hours:  5 overtime hours
    Regular rate: $13.00 x 1.5=$19.50 an hour
    O/T rate: $19.50

    $19.50 \times 5$ O/T hours=$97.50 weekly x 23 weeks=$2,242.50

  c. <u>Nature of wages (e.g., overtime or straight time):</u>

 This amount represents unpaid overtime wages.

41. At all times, material hereto, the Employers/Defendants failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, Defendants made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

42. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

43. At times mentioned, individual Defendant Jesse H. Burd was and is now the owner/director and manager of Defendant Corporation Air Flow Designs. Individual Defendant Jesse H. Burd had absolute financial and operational control of Air Flow Designs. Individual Defendant Jesse H. Burd was the Employer of Plaintiff and others similarly situated within the meaning of

Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interest of Air Flow Designs concerning its employees, including Plaintiff and others similarly situated. He is jointly and severally liable for Plaintiff's damages.

44. Defendants Air Flow Designs and Jesse H. Burd willfully and intentionally refused to pay Plaintiff overtime wages at the rate of one time and one-half his regular rate, as required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

45. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

## Prayer for Relief

Wherefore, Plaintiff Julio Blanco and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Julio Blanco and other similarly situated individuals and against Defendants Air Flow Designs and Jesse H. Burd based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Julio Blanco actual damages, in the amount shown to be

    due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Julio Blanco demands a trial by a jury of all issues triable as a right by a jury.

## **COUNT II:** <br> **FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE; PURSUANT TO 29 USC 215(a)(3); AGAINST ALL DEFENDANTS**

46. Plaintiff Julio Blanco re-adopts every factual allegation stated in paragraphs 1-25 of this Complaint as if set out in full herein.

47. Defendant Air Flow Designs' business activities involve those to which the Fair Labor Standards Act applies.

48. 29 USC § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

49. Likewise, 29 USC 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

50. Defendants Air Flow Designs and Jesse H. Burd employed Plaintiff Julio Blanco as a non-exempted, full-time employee, from approximately October 20, 2021, to March 29, 2022, or 23 weeks.

51. Plaintiff had duties as a heating and a/c technician. Plaintiff's wage rate was $13.00 an hour. Plaintiff's overtime rate should be $19.50 an hour.

52. During his employment with Defendant, Plaintiff worked five days weekly, a minimum average of 45 hours. Plaintiff did not take bonafide lunchtime.

53. Plaintiff was paid for 40 regular hours, but he was not compensated for overtime hours, as required by law.

54. Plaintiff did not clock in and out, but he signed timesheets. On Mondays, Plaintiff would turn in a timesheet showing only 40 regular hours. Defendants required Plaintiff and other similarly situated individuals to report only 40 working hours.

55. Moreover, Defendants placed a sign at the warehouse warning employees that Defendants would not pay for overtime hours. Defendants were in

complete control of Plaintiff's schedule and could track the number of hours worked by Plaintiff and other similarly situated individuals.

56. Therefore, Defendants willfully and intentionally failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

57. Plaintiff was paid with checks and paystubs that did not show the real number of hours worked.

58. Plaintiff disagreed with his working conditions, and he complained a few times.

59. On or about Friday, March 25, 2022, Plaintiff complained to his supervisors Timmy (LNU) and Brand LNU about the lack of pay for overtime hours. The supervisors answered that they would inform the management about Plaintiff's complaints.

60. These complaints constituted protected activity under the FLSA.

61. However, on or about Tuesday, March 29, 2022, Defendants fired Plaintiff. Supervisor Brand informed Plaintiff that he was fired for driving to a bank instead of driving straight to his house after work. Plaintiff knew that this was a pretextual reason.

62. At the time of his termination, Plaintiff was performing the essential functions of his position satisfactorily. There was no other reason than retaliation to fire him.

63. There is proximity between Plaintiff's protected activity and his termination.

64. The motivating factor which caused Plaintiff's discharge, as described above, was his complaints seeking unpaid overtime wages from Defendants. In other words, Plaintiff would not have been fired but for his complaints about unpaid overtime wages.

65. Defendant's termination of Plaintiff was in direct violation of 29 USC 215 (a)(3), and, as a direct result, Plaintiff has been damaged.

66. Plaintiff Julio Blanco has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

## Prayer For Relief

Wherefore, Plaintiff Julio Blanco respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants Air Flow Designs and Jesse H. Burd that Plaintiff Julio Blanco recovers compensatory damages and an equal

amount of liquidated damages as provided under the law and in 29 USC § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order Defendants Air Flow Designs and Jesse H. Burd to make Plaintiff whole by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff Julio Blanco further prays for such additional relief as the interests of justice may require.

## Demand for a Jury Trial

Plaintiff Julio Blanco demands a trial by a jury of all issues triable as a right by a jury.

Dated: November 15, 2022

Respectfully submitted,

By: _/s/ Zandro E. Palma_____
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone:   (305) 446-1500
Facsimile:    (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*